# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CAMPANELLA, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Private E1 MICHAEL A. NICKS**
**United States Army, Appellant**

ARMY 20110658

Headquarters, III Corps and Fort Hood
Patricia H. Lewis, Military Judge
Lieutenant Colonel Craig E. Merutka, Acting Staff Judge Advocate (pre-trial)
Colonel Stuart W. Risch, Staff Judge Advocate (trial)
Colonel Richard W. Rousseau, Acting Staff Judge Advocate (recommendation after remand)
Colonel Tania M. Martin, Staff Judge Advocate (addendum after remand)
Colonel Ian G. Corey, Staff Judge Advocate (second addendum after remand)

For Appellant:  Major Yolanda McCray Jones, JA; Major Kevin F. Sweeny, JA (on brief).

For Appellee:  Colonel John P. Carrell, JA; Major Daniel D. Derner, JA; Major John C. Choike, JA; Captain Scott L. Goble, JA (on brief).

31 October 2014

---------------------------------------------------------------
SUMMARY DISPOSITION ON FURTHER REVIEW
---------------------------------------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of two specifications of conspiracy, one specification of making a false official statement, four specifications of larceny, two specifications of forgery, one specification of assault consummated by a battery, and one specification of housebreaking, in violation of Articles 81, 107, 121, 123, 128, and 130, 10 U.S.C. §§ 881, 907, 921, 923, 928, 930, Uniform Code of Military Justice (2006) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, confinement for two years, total forfeitures, and reduction to the grade of Private (E–1).  The convening authority approved thirteen months confinement, and the remainder of the sentence as adjudged.

NICKS—ARMY 20110658

This case is before us for review under Article 66, UCMJ. In a previous opinion, this court set aside the Convening Authority's initial action, dated 23 March 2012 and returned the record of trial for a new staff judge advocate post-trial recommendation (SJAR) by the same or a different convening authority to allow the appellant to submit a request for waiver of forfeitures which he alleged he wanted but was never submitted. *United States v. Nicks*, ARMY 20110658, 2013 CCA LEXIS 789 (Army Ct. Crim. App. 30 September 2013). This court also ordered that appellant receive a newly-appointed defense counsel to assist with the preparation of his clemency matters since appellant alleged ineffective assistance of counsel in the handling of his previous post-trial submission.

On 3 October 2013, the case was remanded to the III Corps and Fort Hood convening authority and received by the Staff Judge Advocate (SJA) on 11 October 2013. According to the SJA's addendum to an earlier recommendation (SJAR), "holidays and post-trial workload" delayed the preparation and serving of a new SJAR until 26 February 2014. Captain (CPT) MJ was detailed by the senior defense counsel to represent appellant on 3 March 2014. On 6 March 2014, the SJAR was mailed to appellant at two different addresses in Marysville, California. One address was that furnished by appellant in his Post-trial Advice and Rights form and his excess leave paperwork; the second address was discovered by personnel in the Office of the Staff Judge Advocate after performing a records search on Westlaw. Perhaps not surprisingly, given the inordinate amount of time it took the SJA to draft and serve the new SJAR, the California addresses were no longer accurate.

In a 27 June 2014 memorandum to the Commander, III Corps and Fort Hood, CPT MJ chronicles her unsuccessful attempts to contact appellant and establish an attorney-client relationship. We find remarkable that CPT MJ was unable to find appellant; made no effort to contact Major KS, appellant's appellate defense counsel; but was able to converse with CPT JT, appellant's prior trial defense counsel, against whom appellant lodged a complaint of ineffective assistance of counsel.

According to appellant's 19 September 2014 affidavit, filed contemporaneously with his current pleadings before us, "[a]fter my case was remanded, I waited for a new trial defense counsel to contact me[,] but no one ever did. I checked in with [MAJ KS] approximately once a month either by phone or by email and kept him updated with my current contact information. For example, in a series of emails between March 19th and March 24th, I inquired with [MAJ KS] whether he had any case updates for me, informed him that I had not received a call or email from any trial defense counsel, and updated him on my new address in Texas and new phone number." Captain MJ's aforementioned memorandum confirms that she was unable to contact appellant and, thus, was unable to form an attorney-client relationship with appellant. Captain MJ noted in her memorandum that she was not authorized to submit clemency matters on appellant's behalf. The

convening authority took action in appellant's case on 15 July 2014, again approving thirteen months confinement and the remainder of the adjudged sentence.

The concern of this court is to ensure that appellant receives a meaningful opportunity for clemency consistent with the initial remand of this case for a new SJAR and action. Rules for Courts-Martial 1105-1106. Appellant still has not received a meaningful opportunity to present complete clemency matters. *See United States v. Johnston*, 51 M.J. 227, 229 (C.A.A.F. 1999). It is apparent from the pleadings in this case that appellate defense counsel was in contact with appellant, yet did absolutely nothing to further his client's interests by contacting the Fort Hood Trial Defense Service Office or SJA's Office with appellant's new Texas address and phone number. The fact that the defense team – both trial and appellate – did not communicate with each other to ensure that appellant was represented for his second clemency submission is disturbing. The subsequent claim that the SJA erroneously served the SJAR on a defense counsel who did not have an attorney-client relationship with the appellant is equally disturbing under these facts, where Trial Defense Service apparently failed to detail a defense counsel until after a new SJAR was prepared and served.

Contrary to the government's contention, it was not appellant who thwarted the forming of an attorney-client relationship with newly-detailed defense counsel. While we do not condone appellant's wait-and-see approach to further his own interests, the problem here was the failure of the defense team – both trial and appellate – to communicate and protect the interests of appellant. This is not a case where appellant cannot be contacted. Rather, MAJ KS was in contact with appellant, but CPT MJ apparently never learned this fact. What is truly disturbing here is that these facts and circumstances continue to further delay the fair and efficient administration of military justice for appellant.

## CONCLUSION

The convening authority's action, dated 15 July 2014, is set aside. The record of trial is once again returned to The Judge Advocate General for a new SJAR and new action by the same or a different convening authority in accordance with Article 60(c)-(f), UCMJ.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

3